## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWIGHT HORST,** | : | |
| **Plaintiff** | : | **No. 1:23-cv-00917** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **TINA M. LITZ,** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

Plaintiff Dwight Horst initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations by various prison officials at Lebanon County Correctional Facility (LCCF).  The Court must dismiss Horst's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Leave to amend will be provided.

## I.   BACKGROUND

Horst's complaint attempts to assert claims for multiple, unrelated issues that allegedly occurred at LCCF in May 2023.  (*See* Doc. No. 1 at 4-6, 8.)  Horst alleges that he was refused his "one free call" on six consecutive days (May 3 through May 8), was subjected to unconstitutional conditions of confinement, and was wrongfully placed in protective custody following a threat from another inmate.  (*See id.* at 4-

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

6.)  Horst names as defendants warden Tina Litz, deputy warden Michael Ott, deputy warden Rebecca Davis, director of work release Ray Arnold, and security captain Daniel Waltz.  (*Id.* at 3.)

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees.  *See* 28 U.S.C. § 1915A(a).  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1).  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them

in the light most favorable to the plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations— which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 681.

3

Because Horst proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Horst, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

Horst does not cite or reference any constitutional amendments in his complaint. As best the Court can ascertain, Horst is asserting claims sounding in Eighth Amendment conditions of confinement and Fourteenth Amendment due process. His claims are deficient for multiple reasons.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction"

4

or "actual knowledge and acquiescence"; however, such averments must be made with particularity. *Id.* (quoting *Rode*, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Horst's complaint is completely silent as to the named Defendants. In fact, their names appear only in the caption and defendant-identification section of the form complaint. (*See* Doc. No. 1 at 1, 3.) As it stands, it is impossible to determine what alleged unconstitutional action was taken by what Defendant. Accordingly, all Defendants, and thus all claims, must be dismissed for lack of personal involvement.

### B.   Eighth Amendment Conditions of Confinement

Even if Horst had properly alleged personal involvement, his allegations fail to state an Eighth Amendment conditions-of-confinement claim.

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]" *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).  To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements.  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).  Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they are 'incarcerated under conditions posing a substantial risk of serious harm.'" *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834). Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."  *Id.* (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference means that the defendant "acted or failed to act despite

6

having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

Horst's condition-of-confinement claims falter at both elements.    First, Horst's claim of being placed in protective custody for several weeks, without more, does not implicate a sufficiently serious deprivation.  *See Griffin v. Vaughn*, 112 F.3d 703, 705, 709 (3d Cir. 1997) (finding no Eighth Amendment violation for inmate's placement in administrative segregation for 15 months during pendency of disciplinary proceedings); *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) ("Segregated detention is not cruel and unusual punishment *per se*, as long as the conditions of confinement are not foul, inhuman[,] or totally without penological justification."), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000); *Johnson v. Burris*, 339 F. App'x 129, 131 (3d Cir. 2009) (nonprecedential) (holding that administrative segregation and loss of minor privileges did not state a conditions-of-confinement claim); *Wilson v. Hogsten*, 269 F. App'x 193, 195 (3d Cir. 2008) (nonprecedential) (finding that 12-month placement in the SHU—without alleging facts showing a sufficiently serious deprivation of "life's necessities"—was insufficient to state an Eighth Amendment claim).

7

Moreover, according to Horst's own allegations, the reason he was placed in protective custody was because he was threatened by another inmate (possibly a cellmate).  This type of conduct indicates that prison officials were acting to *protect* Horst's safety, not endanger it.

Horst also appears to assert a conditions-of-confinement claim regarding his cell conditions.  He alleges that he must eat in his cell next to the toilet which leaks and "doesn't always flush," that there is mold in the cell, that there is toothpaste on the walls, that no cleaning products are provided, and that he can smell sewage "and other body smells."  (Doc. No. 1 at 6.)  While these purported conditions are undoubtedly uncomfortable, Horst has not identified a sufficiently serious deprivation (*i.e.*, a denial of one of life's necessities) such that he is facing a substantial risk of serious harm.

Horst also fails to plausibly plead the subjective element of his conditions-of-confinement claims: deliberate indifference to a prisoner's health or safety.  Horst does not include any allegations against the named Defendants that would establish that they knew about a risk to Horst's health or safety, were deliberately indifferent to that risk, and therefore could be liable for violating his Eighth Amendment rights. As noted above, Horst does not plead any personal involvement whatsoever, so it is impossible for the Court to conclude that any Defendant acted with deliberate indifference.  Accordingly, Horst's Eighth Amendment conditions-of-confinement

claims must be dismissed for the additional reason that they do not plausibly plead either element of such a cause of action.

### C.   Fourteenth Amendment Due Process

In his complaint, Horst contends that he was denied access to his "one free call" for six days in a row.  (Doc. No. 1 at 4, 6.)  Horst does not allege what type of telephone call he wanted to make (whether legal or personal), or whether he had the option of paying for outgoing phone calls.  It is likewise unclear what kind of Section 1983 claim Horst is asserting.  Applying very liberal construction, Horst may be attempting to raise a claim under the Fourteenth Amendment.

If Horst is asserting a Fourteenth Amendment procedural due process claim, that claim fails.  To plausibly state a Section 1983 claim for infringement of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).  If a plaintiff cannot identify a protected interest that is "at stake," the analysis is at an end.  *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Horst has not identified a protected liberty or property interest with respect to being denied "one free call" for six days, so he cannot state a procedural due process claim.

If Horst is asserting a substantive due process claim, that claim also fails.  In a substantive due process challenge to governmental conduct, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Benn v. Univ. Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).  Being denied access to free phone calls for six days falls far short of "egregious" or conscience-shocking behavior.

Horst lists other complaints in his pleading, but none of them implicates a constitutional violation.  For example, he alleges that corrections officers "cuss and yell at inmates," (Doc. No. 1 at 5), but conduct like verbal harassment, taunting, and use of profanity, without any injury or threat thereof, is insufficient to implicate a constitutional infringement under either the Eighth or Fourteenth Amendment.  *See Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983"); *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (collecting cases); *Manning v. Flock*, No. 1:11-cv-0293, 2012 WL 1078227, at *12 (M.D. Pa. Mar. 30, 2012) (collecting cases); *Graham v. Main*, No. 10-cv-5027(SRC), 2011 WL 2412998, at *24-25 (D.N.J. June 9, 2011) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable

10

under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner.") (collecting cases); *Mohamed v. Aviles*, No. 06-cv-4794 (FSH), 2007 WL 923506, at *5 (D.N.J. Mar. 26, 2007) (collecting cases).[2]

### D.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114.  Leave to amend will be granted because it is conceivable that Horst could cure some of the deficiencies identified in this Memorandum.

If Horst chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth Horst's claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Horst must address the deficiencies identified in this Memorandum, and he must include all allegations within his pleading.  He must also specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought.

---

[2] Horst also raises some sort of complaint regarding limited access to the Covid-19 vaccine, (*see* Doc. No. 1 at 4), but he does not develop or elaborate on this claim at all and therefore it is entirely insufficient to state a plausible claim for relief.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss Horst's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Horst may, if desired, file an amended complaint.  An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: July 27, 2023